**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KENNETH SCHULTZ,<br><br>     Plaintiff - Appellant,<br><br> v.<br><br>STATE OF CALIFORNIA<br>DEPARTMENT OF CORRECTIONS<br>AND REHABILITATION; J. KIM, M.D.,<br><br>     Defendants - Appellees. | No. 12-16182<br><br>D.C. No. 1:11-cv-00988-MJS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Michael J. Seng, Magistrate Judge, Presiding[**]

Submitted February 11, 2013[***]

Before:  FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

---

   [*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

   [**] Schultz consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c)

   [**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Kenneth Schultz, a California state prisoner, appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate indifference to his medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim under 28 U.S.C. §§ 1915A and 1915(e)(2). *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order). We reverse and remand.

Liberally construed, the allegations in Schultz's pro se complaint were sufficient to state a claim for deliberate indifference where Schultz alleged that defendant Dr. J. Kim was aware of Schultz's severe pain, but refused to treat it or investigate its underlying cause. *See Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (discussing objective and subjective elements of deliberate indifference claim). Accordingly, we reverse the district court's judgment and remand for further proceedings.

**REVERSED and REMANDED.**

12-16182